UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:26-cr-05104-LK |
| Plaintiff, | ORDER ON MOTION FOR |
| v. | REVIEW OF DETENTION ORDER |
| KENNETH CURRIN SCHUCHMAN, | |
| Defendant. | |

This matter comes before the Court on Defendant Kenneth Currin Schuchman's Motion to Vacate the Magistrate Judge's Detention Order and Request for Immediate Release with Conditions. Dkt. No. 18. Having conducted a de novo review and considered the relevant record, the Court denies the motion.

## I.    BACKGROUND

On March 25, 2026, a federal grand jury indicted Mr. Schuchman on one count of Wire Fraud Conspiracy in violation of 18 U.S.C. § 1349, one count of Possession of Counterfeit and Unauthorized Access Devices in violation of 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i), and 2, and one count of Trafficking in Passwords and Other Access Information in violation of 18 U.S.C.

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 1

§ 1030(a)(6)(A), (c)(2)(C), and 2. Dkt. No. 1 at 1–10. The Indictment alleges that Mr. Schuchman conspired with others "to defraud numerous victim organizations by obtaining hundreds of login credentials for the organizations' protected computer networks without authorization, gaining unlawful access to these protected computer networks, stealing sensitive information," and threatening to leak or sell the stolen data "unless the victims paid ransoms[.]" *Id.* at 1–2. United States Pretrial Services submitted a pretrial report regarding Mr. Schuchman on April 10, 2026. Dkt. No. 5.

On April 10, 2026, Mr. Schuchman was arrested, Dkt. No. 10, and the Government filed a motion for detention, alleging that he presented a flight risk as well as a danger to the community, Dkt. No. 13 at 2. The same day, Mr. Schuchman made his initial appearance before Magistrate Judge Theresa L. Fricke and was arraigned. Dkt. No. 14. Mr. Schuchman was appointed counsel, and he pleaded not guilty to all charges. *Id.*

Judge Fricke found by a preponderance of evidence that Mr. Schuchman presented a serious risk of flight under 18 U.S.C. Section 3142(f)(2), so she held a hearing "on the issue of release or detention." Dkt. No. 16 at 3. Judge Fricke heard argument from both parties. Dkt. No. 14. In her written order, Judge Fricke explained that the Government had "proved by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure [Mr. Schuchman's] appearance as required," and "proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." Dkt. No. 16 at 2. Judge Fricke considered the nature and circumstances of the offense; Mr. Schuchman's criminal history; his failures to appear in court as ordered; the fact that he was on probation, parole, or supervision when he allegedly committed the crimes in this case; his previous violations of probation, parole, or supervised release; his lack of stable employment, his "[d]ishonest conduct, false statements, or

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 2

fraud"; his use of aliases or false documents; and his history of alcohol or substance abuse. *Id.* at 3. After considering those factors, Judge Fricke wrote:

> The extensive criminal history and history of absconding from supervision shows defendant would not follow court orders, and even with restrictive conditions he could not be effectively supervised in the community. The Court determined that his proposed treatment plan and residence were not places where pretrial services would be able to monitor computer use or access to other devices. The Government proffered that defendant had accessed child pornography, and the record shows that he was recently convicted of a serious drug offense involving possession with intent to deliver fentanyl, committed while he was on supervised release for another conviction.

*Id.* Mr. Schuchman was remanded to federal custody. *Id.* On April 24, 2026, he filed this motion to vacate the detention order. Dkt. No. 18. The Government opposes the motion, Dkt. No. 19, and Mr. Schuchman did not file a reply.

## II.   DISCUSSION

Mr. Schuchman argues that Judge Fricke "erred as a matter of law in detaining [him] without a § 3142(f) factor having been established by a preponderance of the evidence." Dkt. No. 18 at 2. According to Mr. Schuchman, even if "the defendant is otherwise dangerous," no detention hearing can be held absent "*serious* circumstances such as threatening witnesses or clear plans to flee that would automatically trigger a detention hearing[.]" *Id.* at 5. The Government responds that Mr. Schuchman "seeks to impose barriers to detention found nowhere in the Bail Reform Act or binding precedent," such as requiring "extreme and unusual circumstances." Dkt. No. 19 at 9. The Court agrees with the Government that the Bail Reform Act does not require "extreme" circumstances or "clear plans to flee" and provides that a detention hearing may be held if there is a "serious risk" that the defendant "will flee." 18 U.S.C. § 3142(f)(2)(A).

**A.   Legal Standard**

1.   The Bail Reform Act

The Bail Reform Act mandates release of a defendant pending trial unless the Court "finds

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 3

that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1); *see United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). This requirement reflects the principle that "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Thus, "[o]nly in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

The Government bears the burden of showing that the defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that he poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). A district court reviews pretrial detention orders de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). Although the Court conducts its review without deference to Judge Fricke's factual findings, it need not "start over" or proceed as if her decision and findings do not exist. *Id.* at 1193; *see United States v. Carrillo Lopez*, No. MJ20-0020-JCC, 2020 WL 3414674, at *2 (W.D. Wash. June 22, 2020) ("The district court thus reviews the evidence that was before the magistrate judge and any additional evidence proffered by the parties[.]").

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must consider (1) the nature and circumstances of the offenses charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, including but not limited to his character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, record concerning appearance at court hearings, and criminal history, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The weight of

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 4

the evidence against the defendant is the least important of these factors, and the Court may not engage in a pretrial determination of guilt or innocence. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

2. Motion for a Detention Hearing

A court may grant the Government's motion for a detention hearing if the Government shows by a preponderance of the evidence that the case falls into one of the categories listed in 18 U.S.C. § 3142(f). *United States v. Subil*, No. 2:23-cr-00030-TL, 2023 WL 3866709, at *2 & n.1 (W.D. Wash. June 7, 2023) (noting that only the Second Circuit has identified "an evidentiary standard for establishing a § 3142(f) category," and it applied a preponderance of the evidence standard (citing *United States v. Watkins*, 940 F.3d 152, 158 (2d Cir. 2019))); *United States v. Djoko*, No. CR19-0146-JCC, 2019 WL 4849537, at *2 (W.D. Wash. Oct. 1, 2019) ("[U]nless the government can show by a preponderance of the evidence that a case falls into one of [the listed] categories, a defendant cannot be detained pending trial."). As relevant here, a detention hearing is warranted if the defendant poses a serious risk of flight. *See* 18 U.S.C. § 3142(f)(2)(A).

Here, the Government moved for a detention hearing under Section 3142(f)(2)(A) on the basis that there is a serious risk that Mr. Schuchman will flee. Dkt. No. 13 at 2. "Neither the Supreme Court nor the Ninth Circuit have outlined the factors to consider in determining a serious risk of flight under § 3142(f)(2)(A)." *United States v. Rios-Martinez*, No. 1:25-cr-00135-DCN, 2026 WL 961954, at *2 (D. Idaho Apr. 9, 2026). Courts have considered a defendant's incentives to flee based on the potential punishment; the weight of evidence against the defendant; the defendant's ties to the jurisdiction; whether the defendant has previously violated the terms of supervised release, parole, or probation; whether he has disregarded a court order to appear at a designated time and place; and whether he abuses alcohol or controlled substances or has a mental

health condition bearing on his risk of flight. *Id.*; *see also United States v. Cook*, 87 F.4th 920, 925 (8th Cir. 2023).

**B.      A Detention Hearing Was Appropriate and Mr. Schuchman Presents a Serious Risk of Flight**

Mr. Schuchman also argues that "'[a] risk of 'non-appearance' is not the same legal standard as a 'serious risk of flight' under 18 U.S.C. § 3142(f)(2)." Dkt. No. 18 at 6. Relying on a district court case outside this Circuit, Mr. Schuchman contends that the "risk of flight is narrower than risk of non-appearance, and that the distinction hinges on intention[.]" *Id.* at 8. The Government responds that "flight risk and risk of nonappearance mean the same thing under the Act." Dkt. No. 19 at 11. The Court need not resolve this dispute because it finds that even if Mr. Schuchman is correct that a risk of flight is narrower than a risk of non-appearance, Judge Fricke appropriately held a detention hearing under 8 U.S.C. § 3142(f)(2) because there is a serious risk that Mr. Schuchman will flee. Dkt. No. 16 at 3.

Mr. Schuchman was convicted of bail jumping in 2017. Dkt. No. 5 at 4. After he was arrested in 2018 for Fraud and Related Activity in Connection with Computers in the District of Alaska, he absconded twice from pretrial supervision. *Id.* at 5–6; *see also United States v. Schuchman*, 3:18-cr-00095-TMB-DMS (D. Alaska, filed Aug. 22, 2018). In 2018, Mr. Schuchman was on courtesy supervision in this District and supposed to be residing with his father in Vancouver, Washington, but he was arrested in Oregon. Dkt. No. 5 at 5. He absconded from supervision again in 2019. *Id.* at 6. In 2022, Mr. Schuchman was sentenced to time served in that case so he could participate in in-patient treatment, but he failed to do so. *Id.* at 6. The District of Alaska revoked his supervision and sentenced him to 10 months of prison and two years of supervision. *Id.*

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 6

Mr. Schuchman's supervision was subsequently transferred to this district, but he failed to report as directed. *See United States v. Schuchman*, 3:21-cr-05337-RJB, Dkt. No. 33 at 1 (W.D. Wash. June 29, 2022). Approximately two months later, he was arrested near Boise, Idaho on charges that were later dismissed. *Id.* The October 2022 judgment in that case shows that Mr. Schuchman admitted to using illegal substances, failing to report to his probation officer, and committing the crimes of criminal impersonation first degree, vehicle prowl second degree, and possession of another's identification. *Id.*, Dkt. No. 44 at 1–2. He was sentenced to 45 days of imprisonment and 10 months of supervised release. *Id.* at 3–4. Mr. Schuchman absconded from federal supervision again from approximately January 2023 until June 2024. *Id.*, Dkt. No. 50 at 1–2. In June 2024, he was arrested in Clark County for conspiracy to commit possession of fentanyl with intent to deliver. *Id.* at 1. Mr. Schuchman subsequently pleaded guilty to that offense, and his state supervision in that case continues to the present. Dkt. No. 19 at 6.

The Government argues that Mr. Schuchman presents a serious risk of flight in this case based on the "frequency, circumstances, and duration of Schuchman's abscondments[.]" *Id.* at 12. The Government notes that he twice fled this district to other states, "demonstrat[ing] that he acted intentionally and deliberatively to avoid court proceedings and detection by law enforcement." *Id.* The Government also contends that he absconded for months in three instances, including over 17 months in one instance. *Id.* ("The lengths of these abscondment[s] undermines his argument that his absence was simply due to negligence and an untreated addiction."). The Government also points to his conviction for bail jumping, his failure to appear in court at least once without excuse, and his attempt to destroy evidence at the time of one arrest. *Id.* And finally, the Government asserts that Mr. Schuchman has "both the incentive and ability to flee." *Id.* He is facing a Sentencing Guidelines range of more than seven years if convicted, and he faces additional potential exposure in light of the Government's ongoing investigation of his possible possession

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 7

of child sexual abuse materials ("CSAM"). *Id.*[1] And Mr. Schuchman is allegedly a "sophisticated cybercriminal who has repeatedly used anonymizing technologies to obscure his identity, location, and online activities." *Id.* at 13; Dkt. No. 1 at 1–10. Mr. Schuchman did not file a reply brief to contest these allegations or their import. Regardless, the Court agrees with the Government that these factors show that there is a serious risk that he will flee.

In his motion, Mr. Schuchman argues that his "history of probation and/or supervision violations such as failing to report for drug testing" is insufficient to demonstrate that he presents a serious risk of flight, Dkt. No. 18 at 12, but as set forth above, the record contains significantly more than failure to report for drug testing. Mr. Schuchman also concedes that he had "many violations of federal supervision between 2019 and 2022," though he states that this "period also spanned the COVID pandemic where drug treatment centers were largely closed and providing substandard treatment only by teleconference." Dkt. No. 18 at 13. Mr. Schuchman cites nothing in support of that assertion, nor does he claim that the pandemic spurred his flight to other states or his lengthy abscondment from January 2023 until June 2024. "The ordinary meaning of 'flee' suggests volitional conduct," *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017), and Mr. Schuchman's history is rife with instances where he chose to abscond for lengthy periods and otherwise flee. *See Cook*, 87 F.4th at 925 (a defendant's "status as an absconder and . . . history of failing to appear weigh heavily in favor of finding 'a serious risk that such person will flee'" under Section 3142(f)(2)(A)). He notes that he did not flee prior to his arrest in this case, Dkt. No. 18 at 14, but he has greater incentive to abscond now that he is facing a criminal indictment.

Finally, Mr. Schuchman argues that his addiction issues "should be dealt with through conditions of release and not through a finding of 'serious risk of flight' and detention." Dkt. No.

---

[1] The Government avers that its "investigation into Schuchman's prior possession of CSAM remains ongoing." *Id.* at 7.

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 8

18 at 15. He notes that he has been offered an in-patient bed at a drug treatment facility in Port Angeles. *Id.* at 14; Dkt. No. 18-1. However, as the Government notes, Mr. Schuchman "has been given repeated chances to obtain treatment during his many years under supervision" including "opportunities to participate in in-patient programs" through the Alaska federal case. Dkt. No. 19 at 14. Still, those opportunities have "not stopped him from fleeing or committing additional, serious offenses." *Id.* Moreover, the offered in-patient program spans 30 to 45 days, Dkt. No. 18-1, so it would not last until the January 2027 trial date Mr. Schuchman seeks. Dkt. No. 22 at 1.

In sum, the facts above demonstrate that the Government has carried its burden of showing by a preponderance of the evidence that Mr. Schuchman is a serious flight risk, which rendered him eligible for a detention hearing.

**C.    The Section 3142(g) Factors Weigh Against Pretrial Release**

Because Mr. Schuchman was eligible for a detention hearing, the Court proceeds to consider whether detention is warranted. *United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 783 (W.D. Wash. 2019). The Government argues that Mr. Schuchman was "properly detained as a risk of flight and danger to the community under Section 3142(e) and (g)." Dkt. No. 19 at 13–14. Mr. Schuchman's motion focuses on whether Judge Fricke should have held a detention hearing and his risk of flight without addressing the Section 3142(g) factors. *See generally* Dkt. No. 18. As set forth above, the Court has found that Judge Fricke appropriately held a detention hearing, and there is a serious risk that Mr. Schuchman will flee.

In addition to the above analysis, more information shows that the Section 3142(g) factors weigh in favor of detention. Mr. Schuchman is charged with serious crimes, including "stealing sensitive information" and "threatening to leak or sell the stolen data unless the victims paid ransoms[.]" Dkt. No. 1 at 1–2. As the Government argues, Mr. Schuchman "would pose a threat to the privacy interests of individuals worldwide if released" because of this alleged activity, his

history as "a recidivist computer hacker," and the allegation that he "helped write code for and improve a hacking tool used by him and others to acquire hundreds of login credentials for victim organizations' protected computer networks." Dkt. No. 19 at 13. The Government also persuasively argues that "[g]iven his long history of continuing to hack, including while on federal supervision in this district, there is a strong likelihood that he will resume these activities if released," as highlighted by the allegation that "one day after being released from federal prison on his last computer fraud conviction, Schuchman informed a co-conspirator, 'We can still make money off [Victim-1].'" *Id.* (quoting Dkt. No. 1 at 8). In addition, Mr. Schuchman pleaded guilty to conspiring to distribute fentanyl while on federal supervision, further suggesting that he is a danger to the community. *Id.* at 6, 14; *see also United States v. Schuchman*, 3:21-cr-05337-RJB, Dkt. No. 50 at 1–2 (W.D. Wash. Sept. 16, 2024). Although Mr. Schuchman proposes in-patient drug treatment to mitigate the risk, Dkt. No. 18 at 14, as Judge Fricke explained, Mr. Schuchman's "proposed treatment plan and residence were not places where pretrial services would be able to monitor computer use or access to other devices." Dkt. No. 16 at 3. Furthermore, Mr. Schuchman's repeated noncompliance with required treatment programs demonstrates that the treatment plan would not mitigate the risk to the public as outlined above.

In sum, considering all of the above, and for all the reasons set forth by Judge Fricke, Dkt. No. 16 at 3, the Court finds that the Government has met its burden to show that Mr. Schuchman is a danger to the community and that there is a serious risk that he will flee, and that no condition or combination of conditions will reasonably assure the safety of others and the community if he is released.

ORDER ON MOTION FOR REVIEW OF DETENTION ORDER - 10

### III.  CONCLUSION

For the reasons stated above, the Court denies Mr. Schuchman's motion. Dkt. No. 18.

Dated this 18th day of May, 2026.

Lauren King
United States District Judge